IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT JOHNSON, as personal Representative for the ESTATE OF IRENA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>DENITA COLVIN; WILLIE EVA BALDWIN; and Fictitious Defendants "A","B", and "C", whether singular or plural, those other persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained,<br><br>Defendants. | CASE NO.: 2:07cv1068 - MHT<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

(Stamp: RECEIVED 2007 DEC -7 A 10: 59 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA)

## COMPLAINT

Comes now Plaintiff, Robert Johnson, as personal representative of the Estate of Irena Johnson, deceased, and for his complaint against Defendants and states the following:

### STATEMENT OF PARTIES

1. Plaintiff, Robert Johnson, is an individual over the age of nineteen (19) years and a resident citizen of Henry County, Georgia. At all times material hereto, Robert Johnson is the sole surviving heir and Administrator to the Estate of Irena Johnson, deceased.

2. Defendant, Denita Colvin, (hereafter "COLVIN") is an individual over the age of nineteen (19) years and a resident citizen of Montgomery County, Alabama.

3. Defendant, Willie Eva Baldwin, (hereafter "BALDWIN") is an individual over the age of nineteen (19) years and resident citizen of Henry County, Georgia.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the matter alleged involves an amount in excess of $75,000 and is between citizens of different States.

5. Venue is proper in the United States District Court for the Middle District of Alabama pursuant to 18 U.S.C. § 1391 in that the conduct, acts, or omissions giving rise to this litigation occurred in Montgomery County, Alabama.

## FACTUAL ALLEGATIONS

6. On June 27, 2007, Defendant Baldwin rented a 2007 Hyundai Sonata from Hertz Rental Car Company at the Hartsfield-Jackson International Airport in Atlanta, Georgia.

7. At all material times thereto, Plaintiff's mother, Irena Johnson, deceased, was a guest and/or passenger in the vehicle driven by Defendant Baldwin.

8. Defendant Baldwin got lost in the Atlanta area and began traveling on Interstate 85 south and subsequently ended up in Montgomery, Alabama near the Interstate 65 interchange.

9. According to information and belief, witnesses advised that Defendant Baldwin was traveling west on I-85 South in the right lane when she suddenly started backing up in oncoming traffic on I-85.

10. Defendant Colvin, also traveling west on I-85, collided into the rear of Defendant Baldwin, the vehicle in which Irena Johnson, deceased, was a guest and/or passenger.

11. As a proximate result of the collision by and between Defendants Colvin and Baldwin, Plaintiff's mother, Irena Johnson, was killed.

## COUNT ONE
### [Wrongful Death – Negligence]

12. Plaintiff hereby incorporates by reference, as is fully set forth herein, each and every allegation contained in paragraphs 1 through 11, inclusive, of this Complaint.

13. Defendant Colvin acted negligently by following too closely to Defendant Baldwin's vehicle and by failing to exercise ordinary and reasonable care while on the roadways of Alabama. At all material times thereto, Defendant Colvin had the last clear chance to avoid the collision with the vehicle in which Irena Johnson, deceased, was a guest and/or passenger, to wit: Irena Johnson, being driven by Defendant Baldwin, was in a perilous position; Defendant Colvin, knew or, with due diligence, should have known that the vehicle driven by Defendant Baldwin was in a perilous position; that armed with such knowledge Defendant Colvin failed to use reasonable and ordinary care in avoiding the collision; that with the use of ordinary and reasonable care Defendant Colvin could have avoided the collision; and that Plaintiff's mother, Irena Johnson, was killed as a result of the collision by and between Defendants Colvin and Baldwin.

14. At all times material thereto, Defendant Colvin had a duty to drive in a reasonably safe manner while traveling upon the roadways of Alabama, to wit: by not following to closely to other vehicles on the roadways.

15. Defendant Colvin breached that duty when she followed too closely to Defendant Baldwin's vehicle and failed to keep a proper distance between the two vehicles.

16. As proximate consequence of Defendant Colvin's conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant Colvin in an amount of Punitive and Exemplary damages as awarded by a struck jury.

## COUNT TWO
### [Wrongful Death – Gross Negligence]

17. Plaintiff hereby incorporates by reference, as is fully set forth herein, each and every allegation contained in paragraphs 1 through 16, inclusive, of this Complaint.

18. Defendant Colvin acted with gross negligence by following too closely to Defendant Baldwin's vehicle and by failing to exercise ordinary and reasonable care while on the roadways of Alabama.

19. Notwithstanding any allegation of sudden emergency, Defendant Colvin had the last clear chance to avoid the collision with the vehicle in which Irena Johnson, deceased, was a guest and/or passenger, to wit: Irena Johnson, being driven by Defendant Baldwin, was in a perilous position; Defendant Colvin, knew or with due diligence should have known that the car driven by Defendant Baldwin was in a perilous position; that armed with such knowledge Defendant Colvin failed to use reasonable and ordinary care in avoiding the collision; that with the use of ordinary and reasonable care Defendant Colvin could have avoided the collision; and that Plaintiff's mother, Irena Johnson, was killed as a result of the collision by and between Defendants Colvin and Baldwin.

20. At all times material thereto, Defendant Colvin had a duty to drive in a reasonably safe manner while traveling upon the roadways of Alabama, to wit: by not following to closely to other vehicles on the roadways.

21. Defendant Colvin breached that duty when she followed too closely to Defendant Baldwin's vehicle and failed to keep a proper distance between the two vehicles.

22. As a proximate consequence of Defendant Colvin's conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant Colvin in an amount of Punitive and Exemplary damages as awarded by a struck jury.

## COUNT THREE
### [Wrongful Death – Wantonness]

23. Plaintiff hereby incorporates by reference as if fully set forth herein each and every allegation in paragraph 1-22, inclusive, of this Complaint.

24. Defendant, Baldwin, acted intentionally, with wantonness, and with extreme recklessness and disregard for the safety of others by backing into oncoming traffic upon the interstate highways with reckless indifference to the knowledge that such act would likely or probably result in injury or death.

25. Defendant, Colvin, acted intentionally, with wantonness, and with extreme recklessness and disregard for the safety of others by following too closely to Defendant Baldwin's vehicle and by failing to keep a proper distance from other vehicles in front of her with reckless indifference to the knowledge that such act would likely or probably result in injury or death.

26. Notwithstanding any allegation of sudden emergency, Defendant Colvin had the last clear chance to avoid the collision with the vehicle in which Irena Johnson, deceased, was a guest and/or passenger, to wit: Irena Johnson, being driven by Defendant Baldwin, was in a perilous position; Defendant Colvin, knew or with due diligence should have known that the vehicle driven by Defendant Baldwin was in a perilous position; that armed with such knowledge Defendant Colvin failed to use reasonable and ordinary care in avoiding the collision; that with the use of ordinary and reasonable care Defendant Colvin could have avoided the collision; and that Plaintiff's mother, Irena Johnson, was killed as a result of the collision by and between Defendants Colvin and Baldwin.

27. As a proximate consequence of Defendants' conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against Defendants in an amount of Punitive and Exemplary damages as awarded by a struck jury.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Respectfully Submitted,

_____
Zachary T. Collins
Attorney for Plaintiff

**OF COUNSEL:**
ZACHARY T. COLLINS, ATTORNEY AT LAW, LLC.
207 Montgomery Street, Suite 215
Montgomery, AL 36104
(334) 263-5575
(334) 263-5569

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001449
Cashier ID: brobinso
Transaction Date: 12/07/2007
Payer Name: ZACHARY COLLINS ATTY LLC
----------------------------------------
CIVIL FILING FEE
 For: ZACHARY COLLINS ATTY LLC
 Case/Party: D-ALM-2-07-CV-001068-001
 Amount:        $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 1154
 Amt Tendered:  $350.00
----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```