UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 DEC 21  P 3: 11
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ROBERT JOHNSON, as Personal Representative of THE ESTATE OF IRENA JOHNSON, Deceased, | * * * * |
| Plaintiff, | * * |
| v. | * Case No. 2:07CV1068-MHT |
| DENITA COLVIN and WILLIE EVA BALDWIN, | * * * * |
| Defendants. | * |

## ANSWER

COMES NOW Defendant DENITA COLVIN, and answers the Complaint heretofore filed as follows:

1. Defendant admits that jurisdiction and venue are proper.

2. Defendant admits the location of the accident made the basis of this lawsuit, but the Complaint incorrectly identifies the accident date and therefore Defendant denies that the accident took place on the date listed in the Complaint.

3. Defendant admits that the decedent died after the accident made the basis of this lawsuit.

4. Defendant otherwise denies each and every material allegation of the Complaint and demands strict proof thereof.

5. Defendant pleads a superseding or intervening cause.

6. Defendant avers that the actions of the Co-Defendant are the proximate cause of the accident made the basis of this lawsuit.

7. To the extent that there are any bills or subrogation claims, Defendant pleads accord, satisfaction, payment, waiver *res judicata* and collateral estoppel.

8. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus

violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

   g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

   9. Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds;

   a. It is a violation of the Due Process Clause of to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

   c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

   d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

    e.  The award of punitive damages in this case constitutes a deprivation of property without due process of law; and

    f.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

  10.  Plaintiff's attempt to impose punitive damages or extra-contractual damages on this defendant, on the basis of the vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

  11.  The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

  12.  The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

  13.  The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

  14.  This defendant says that the imposition of punitive damages under Alabama law is arbitrary and capricious, inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition

of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with Green Oil and Hammond's guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between the defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. BMW of North American v. Gore, 1996 WL 262429.

15. Notions of judicial fairness, Due Process, and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provides no such notice to defendants, leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. BMW of North American v. Gore, 1196 WL 262429.

16. Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Ala. Code, 1975. This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Co., 627 So.2d 878 (Ala. 1993).

_____
JAMES A. RIVES (RIV005)

_____
W. CHRISTOPHER WALLER, JR. (WAL187)
Attorneys for Defendant Denita Colvin

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, AL 36102-2148
Telephone (334) 387-7680
Facsimile (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the following attorney(s) of record by placing a copy of the same in the United States Mail, postage prepaid, on this the 20 day of December, 2007.

Zachary T. Collins, Esq.
207 Montgomery Street, Suite 215
Montgomery, Alabama 36104

Willie Eva Baldwin
208 Bella Vista Terrace
McDonough, Georgia 30253

_____
OF COUNSEL