IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROBERT JOHNSON, as personal representative for the ESTATE OF IRENA JOHNSON,** )<br>)<br>) | **CASE NO.: 2:07cv1068-MHT** |
| ) | |
| **Plaintiff,** ) | **COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| **v.** )<br>) | |
| **DENITA COLVIN and WILLIE EVA BALDWIN,s** )<br>)<br>) | |
| **Defendants.** ) | |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

**COMES NOW**, the Plaintiff, by and through his counsel of record pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Section 4 of this Honorable Courts Uniform Scheduling Order for leave to amend his Complaint and states the following reasons therefore:

1. Plaintiff has learned through initial disclosures the name of an additional party, namely, Ace American Insurance Company, of which the Plaintiff has a right to relief arising out of the same transaction or occurrence that forms the basis of this suit such that it should be added as a party pursuant to Rule 20 of the Federal Rules of Civil Procedure.

2. Additionally, Plaintiff requests leave to amend his complaint to correct the date on which the accident occurred and discovered facts that forms the basis of this suit.

3. That in the Rule 26(f) Report of the Parties Planning Meeting, all parties agreed that amendments to add parties or claims by the Plaintiff could be done without leave of court if done by March 24, 2008.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that this Honorable Court grant him leave to amend his Complaint to correct certain facts in the Complaint and add as a party defendant Ace American Insurance Company.

Respectfully Submitted, this the 6th day of February, 2008.

/s/ *Zachary T. Collins*

_____
Zachary T. Collins
Attorney for Plaintiff

**OF COUNSEL:**
ZACHARY T. COLLINS, ATTORNEY AT LAW, LLC.
207 Montgomery Street, Suite 215
Montgomery, AL 36104
(334) 263-5575
(334) 263-5569

# CERTIFICATE OF SERVICE

I, Zachary T. Collins, certify that on the 6th day of February, 2008, the foregoing document was served on counsel/adverse party listed below, properly addressed and pre-paid, in the following manner:

( ) Facsimile;
( ) Facsimile, original to follow by United States mail, first class, properly addressed;
( ) United States mail, first class, properly addressed;
( ) United States mail, Express Mail delivery;
( ) Federal Express, overnight delivery;
( ) United Parcel Service, overnight delivery;
( ) Hand delivery;
(x) CM/ECF

OF COUNSEL:

**DAVID H. HENDERSON (ASB-4048-D57H)**
**RANDALL MORGAN (ASB-8650-R70R)**
Attorneys for Defendant Willie Eva Baldwin
**HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.**
P.O. Box 116
Montgomery, AL 36101-0116

**W. CHRISTOPHER WALLER, JR. (WAL187)**
**JAMES A. RIVES  (RIV005)**
Attorneys for Defendant Denita Colvin
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Telephone (334) 387-7680
Facsimile  (334) 387-3222

/s/ *Zachary T. Collins*
_____
**OF COUNSEL**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **ROBERT JOHNSON, as personal representative for the ESTATE OF IRENA JOHNSON,** )<br>)<br>) | **CASE NO.: 2:07cv1068-MHT** |
| **Plaintiff,** )<br>) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. )<br>) | |
| **ACE AMERICAN INSURANCE COMPANY, et al,** )<br>)<br>) | |
| **Defendants.** ) | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, Robert Johnson, as personal representative of the Estate of Irena Johnson, deceased, and for his complaint against Defendants and states the following:

## STATEMENT OF PARTIES

1. Plaintiff, Robert Johnson, is an individual over the age of nineteen (19) years and is the legal representative to the Estate of Irena Johnson. At the time of her death, Irena Johnson, deceased, was a resident citizen of Philadelphia County, in the Commonwealth of Pennsylvania. The estate of the decedent was established in Philadelphia County, Pennsylvania. (**See Exhibit A**) Pursuant 28 U.S.C. § 1332 (c)(2), the Plaintiff is deemed a citizen of Philadelphia County in the Commonwealth of Pennsylvania.

2. Defendant, Denita Colvin, (hereafter "COLVIN") is an individual over the age of nineteen (19) years and a resident citizen of Montgomery County, Alabama.

3. Defendant, Willie Eva Baldwin, (hereafter "BALDWIN") is an individual over the age of nineteen (19) years and resident citizen of Henry County, Georgia.

4. Defendant, ACE American Insurance Company, (hereafter "ACE") is a Pennsylvania corporation doing business by agent in the State of Alabama at large. The principal address for this Defendant is 436 Walnut Street, Philadelphia, PA 19106.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and § 1337 as the Plaintiff's claims involve an amount in excess of $75,000; are between citizens of different States; and are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy, those supplemental claims not being inconsistent with the jurisdictional requirements of § 1332.

6. Venue is proper in the United States District Court for the Middle District of Alabama pursuant to 18 U.S.C. § 1391 in that the conduct, acts, or omissions giving rise to this litigation occurred in Montgomery County, Alabama.

## FACTUAL ALLEGATIONS

7. On July 27, 2007, Defendant Baldwin rented a 2007 Hyundai Sonata from Hertz Rental Car Company (a/k/a Hertz Global Holdings, Inc.) at the Hartsfield-Jackson International Airport in Atlanta, Georgia.

8. At all material times thereto, Plaintiff's mother, Irena Johnson, deceased, was a guest and/or passenger in the vehicle driven by Defendant Baldwin.

9. Defendant Baldwin got lost in the Atlanta area and began traveling on Interstate 85 south and subsequently ended up in Montgomery, Alabama near the Interstate 65 interchange.

10. According to information and belief, witnesses advised that Defendant Baldwin was traveling west on I-85 South in the right lane when she suddenly started backing up into oncoming traffic on I-85.

11. Defendant Colvin, also traveling west on I-85, collided into the rear of Defendant Baldwin, the vehicle in which Irena Johnson, deceased, was a guest and/or passenger.

12. Defendant Colvin, at all times relevant to this cause of action, was in violation of § 32-5A-191 of the Code of Alabama when she drove or otherwise exercised actual physical control of a vehicle while having a blood alcohol content (hereafter BAC) of .11 percent, and she subsequently pled guilty to a charge of DUI in the Municipal Court of Montgomery County, Alabama.

13. As a proximate result of the collision by and between Defendants Colvin and Baldwin, Plaintiff's mother, Irena Johnson, was killed.

14. Plaintiff brings this wrongful death action pursuant to § 6-5-410 of the Code of Alabama.

## COUNT ONE
### [Wrongful Death – Negligence]

15. Plaintiff hereby incorporates by reference, as is fully set forth herein, each and every allegation contained in paragraphs 1 through 14, inclusive, of this Complaint.

16. Defendant Colvin acted negligently by driving or otherwise exercising actual physical control of a vehicle while having a BAC of .11 percent in violation of § 32-5A-191 of the Code of Alabama.

17. Defendant Colvin acted negligently by operating her vehicle on a busy public interstate while having a BAC of .11 percent. Such conduct constitutes a failure to exercise ordinary and reasonable care while on the roadways of Alabama. At all material times thereto, Defendant Colvin had the last clear chance to avoid the collision with the vehicle in which Irena Johnson, deceased, was a guest and/or passenger, to wit: the vehicle driven by Defendant Baldwin, in which Irena Johnson was a passenger and/or guest, was in a perilous position; Defendant Colvin knew or, upon the exercise of due diligence, should have known that the vehicle driven by Defendant Baldwin was in a perilous position; that armed with such knowledge Defendant Colvin failed to use reasonable and ordinary care in avoiding the collision; that with the use of ordinary and reasonable care Defendant Colvin could have avoided the collision; and that Plaintiff's mother, Irena Johnson, was killed as a result of the collision by and between Defendants Colvin and Baldwin.

18. At all times material thereto, Defendant Colvin had a duty to drive in a reasonably safe manner while traveling upon the roadways of Alabama, to wit: by not driving or otherwise exercising actual physical control of a vehicle with a BAC of .08 percent or more pursuant to § 32-5A-191 of the Code of Alabama.

19. Defendant Colvin breached that duty when she drove and otherwise exercised actual physical control of a vehicle while having a BAC of .11 percent, such violation constituting negligence *per se*.

4

20. As a proximate consequence of Defendant Colvin's conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant Colvin in an amount of Punitive and Exemplary damages as awarded by a struck jury.

## COUNT TWO
### [Wrongful Death – Gross Negligence]

21. Plaintiff hereby incorporates by reference, as is fully set forth herein, each and every allegation contained in paragraphs 1 through 20, inclusive, of this Complaint.

22. Defendant Colvin acted with gross negligence by driving or otherwise exercising actual physical control of a vehicle while having a BAC of .11 percent.

23. Notwithstanding any allegation of sudden emergency, Defendant Colvin had the last clear chance to avoid the collision with the vehicle in which Irena Johnson, deceased, was a guest and/or passenger, to wit: the vehicle driven by Defendant Baldwin, in which Irena Johnson was a passenger and/or guest, was in a perilous position; Defendant Colvin, knew or, upon the exercise of due diligence, should have known that the car driven by Defendant Baldwin was in a perilous position; that armed with such knowledge Defendant Colvin failed to use reasonable and ordinary care in avoiding the collision; that with the use of ordinary and reasonable care Defendant Colvin could have avoided the collision; and that Plaintiff's mother, Irena Johnson, was killed as a result of the collision by and between Defendants Colvin and Baldwin.

24. At all times material thereto, Defendant Colvin had a duty to drive in a reasonably safe manner while traveling upon the roadways of Alabama, to wit: by not driving while voluntarily intoxicated such that she was mentally and physically impaired.

5

25. Defendant Colvin breached that duty when she operated her vehicle upon a busy interstate with a BAC of .11 percent.

26. As a proximate consequence of Defendant Colvin's conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant Colvin in an amount of Punitive and Exemplary damages as awarded by a struck jury.

## COUNT THREE
### [Wrongful Death – Wantonness]

27. Plaintiff hereby incorporates by reference as if fully set forth herein each and every allegation in paragraph 1-26, inclusive, of this Complaint.

28. Defendant Baldwin acted intentionally, with wantonness, and with extreme recklessness and disregard for the safety of others by backing into oncoming traffic upon the interstate highways with reckless indifference to the knowledge that such act would likely or probably result in injury and/or death.

29. Defendant Colvin acted intentionally, with wantonness, and with extreme recklessness and disregard for the safety of others by driving or otherwise exercising actual physical control of a vehicle while having a BAC of .11 percent with reckless indifference to the knowledge that such act would likely or probably result in injury and/or death.

30. Notwithstanding any allegation of sudden emergency, Defendant Colvin had the last clear chance to avoid the collision with the vehicle in which Irena Johnson, deceased, was a guest and/or passenger, to wit: the vehicle driven by Defendant Baldwin, in which Irena Johnson was a passenger and/or guest, was in a perilous position;

6

Defendant Colvin, knew or, upon the exercise of due diligence, should have known that the vehicle driven by Defendant Baldwin was in a perilous position; that armed with such knowledge Defendant Colvin failed to use reasonable and ordinary care in avoiding the collision; that with the use of ordinary and reasonable care Defendant Colvin could have avoided the collision; and that Plaintiff's mother, Irena Johnson, was killed as a result of the collision by and between Defendants Colvin and Baldwin.

31. As a proximate consequence of Defendants' conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in an amount of Punitive and Exemplary damages as awarded by a struck jury.

## COUNT FOUR
**[Breach of Contract - Underinsured Motorist Coverage]**

32. Plaintiff hereby incorporates by reference as if fully set forth herein each and every allegation in paragraph 1-31, inclusive, of this Complaint.

33. At all times material thereto, the rental car owned by Hertz and driven by Defendant Baldwin was covered by an excess rental liability policy underwritten by ACE American Insurance Company (hereinafter referred to as "ACE"). (**See Exhibit B – Excess Rental Liability Policy**) Additionally, the acts and/or omissions giving rise to this wrongful death action occurred during the rental period and within the policy territory governed by the excess policy.

34. Irena Johnson, decedent, was an insured on the excess rental liability policy issued to Hertz Global Holdings, Inc. during the rental period covered by said policy.

35. The excess liability policy defines an "insured" as "…any person **Occupying** the **Automobile** with the permission of the **Authorized Driver** who is entitled to coverage under any applicable Uninsured or Underinsured Motorist Legal Statute…"

36. At all times material thereto, Defendant, Willie Eva Baldwin was an authorized driver of the rental car owned by Hertz subject to the excess rental liability policy during the rental period.

37. The excess rental liability policy provides, in part, Underinsured Motorist Coverage limits of the difference between the minimum limits protection required by statute to be provided by the underlying statute and a maximum of $100,000 for each accident. The Plaintiff, on behalf of the estate of Irena Johnson, is legally entitled to recover punitive damages arising out of this underinsured motorist claim.

38. Under the excess rental liability policy, ACE agreed to pay all sums the insured is legally entitled to recover as compensatory damages from the owner or driver of an underinsured motor vehicle in excess of those payable under the terms of underlying protection. The damages must result from bodily injury and (a) must exceed the amount of the minimum coverage limits required for such coverage in the state the automobile is principally garaged and (b) be sustained by the Insured as a result of an accident involving an automobile that takes place during the term of the rental agreement and within the policy territory.

39. At the time of the accident, the automobiles being operated by the defendants Baldwin and Colvin were underinsured, in that any insurance in force on their vehicles did not and does not provide adequate coverage for the claims and damages asserted by the Plaintiff on behalf of the estate of the deceased, Irena Johnson.

8

40. The deceased insured has otherwise complied with the terms of the contract with the Defendant ACE and is entitled to be paid by ACE any and all damages sustained by the deceased resulting form the negligence, gross negligence, or wantonness of the defendants.

41. The Defendant ACE has breached its contract with the estate of the deceased insured by failing to make any payments to the decedent's estate under the underinsured motorist provision of the policy.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants in the amount of $100,000 as punitive damages for breach of contract, plus attorney's fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Respectfully Submitted, this the _____th day of February, 2008.

      */s/ Zachary T. Collins*
      */s/ Tonya D. Powell*

Zachary T. Collins
Tonya D. Powell
Attorneys for Plaintiff

**OF COUNSEL:**
ZACHARY T. COLLINS, ATTORNEY AT LAW, LLC.
207 Montgomery Street, Suite 215
Montgomery, AL 36104
(334) 263-5575
(334) 263-5569

**TO BE SERVED BY CERTIFIED MAIL**
**ON ACE AMERICAN INSURANCE COMPANY AT:**

ACE American Insurance Company
436 Walnut Street
Philadelphia, PA 19106-3703

9

## **CERTIFICATE OF SERVICE**

I, Zachary T. Collins, certify that on the _____th day of February, 2008, the foregoing document was served on counsel/adverse party listed below, properly addressed and pre-paid, in the following manner:

( ) Facsimile;
( ) Facsimile, original to follow by United States mail, first class, properly addressed;
( ) United States mail, first class, properly addressed;
( ) United States mail, Express Mail delivery;
( ) Federal Express, overnight delivery;
( ) United Parcel Service, overnight delivery;
( ) Hand delivery;
(X) CM/ECF

OF COUNSEL:

**DAVID H. HENDERSON (ASB-4048-D57H)**
**RANDALL MORGAN (ASB-8650-R70R)**
Attorneys for Defendant Willie Eva Baldwin
Hill, Hill, Carter, Franco, Cole & Black, P.C.
P.O. Box 116
Montgomery, AL 36101-0116

**W. CHRISTOPHER WALLER, JR. (WAL187)**
**JAMES A. RIVES  (RIV005)**
Attorneys for Defendant Denita Colvin
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, AL 36102-2148
Telephone (334) 387-7680
Facsimile  (334) 387-3222

                                                 */s/ Zachary T. Collins*

                                                 **OF COUNSEL**