IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT JOHNSON, as personal representative for the Estate of IRENA JOHNSON, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.: 2:07-CV-1068-MHT<br>) |
| DENITA COLVIN; WILLIE EVA BALDWIN, et al., | )<br>)<br>) |
| Defendants. | ) |

### DEFENDANT WILLIE EVA BALDWIN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, Defendant Willie Eva Baldwin ("Baldwin") in the above-styled cause, and in answer to the Plaintiff's Second Amended Complaint states as follows:

1. This Defendant reasserts and incorporates herein by reference her previous responses and affirmative defenses plead in her previous answer to Plaintiff's original complaint and First Amended Complaint.

2. This Defendant otherwise denies each and every material allegation in the Plaintiff's Second Amended Complaint and demands strict proof thereof.

3. This Defendant admits the decedent died after the accident made the basis of this lawsuit.

4. This Defendant avers that the actions of the Co-Defendant are the proximate cause of the accident made the basis of this lawsuit.

5. To the extent that there are any bills or subrogation claims, this Defendant pleads accord, satisfaction, payment, waiver, *res judicata* and collateral estoppel.

## AFFIRMATIVE DEFENSES

1. This Defendant pleads that the Second Amended Complaint fails to state a claim upon which relief can be granted as a matter of law.

2. This Defendant denies each and every material allegation of the Plaintiff's Second Amended Complaint which is not admitted herein and demands strict proof of the same.

3. This Defendant pleads the general issue.

4. This Defendant avers she is not guilty of the things and matters alleged in the Plaintiff's Second Amended Complaint.

5. This Defendant alleges the Plaintiff was guilty of assumption of the risk, and as a result, she is not entitled to recover.

6. This Defendant alleges her conduct was not the proximate cause of any injuries and damages to the Plaintiff.

7. Plaintiff's damages, if any, are the result of a superceding independent intervening cause.

8. This Defendant pleads the doctrine of sudden emergency.

9. This Defendant pleads the accident was unavoidable.

10. This Defendant avers the Plaintiff was a guest and thus barred from recovery under Alabama's Guest Statute.

## PUNITIVE DAMAGES

11. The award of punitive damages, to the extent if any, claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other

provisions of the Constitution of Alabama on the following separate and several grounds:

    (a)    That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

    (b)    That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

    (c)    That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

    (d)    That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

    (e)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

    (f)    That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

    (g)    That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

    (h)    That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

    (I)    That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

    (j)    That civil procedures pursuant to which punitive damages are awarded

permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

12. This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

13. The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

14. Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

15. To the extent that Plaintiff's demand for punitive damages may result in

multiple punitive damage awards to be accessed for the same act or omission against this Defendant, this award contravenes the Defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

16. With respect to the Plaintiff's demand for punitive damages, the Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

17. This Defendant contends that this Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against this Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

18. The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiff in this lawsuit, constitute a violation of the Due Process Clause of the Constitution of the United States, under authority of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by Plaintiffs in this action, and the Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to

defendant as to deprive defendant of due process of law.

19.   This Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

    a.   <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

    b.   <u>Sixth Amendment to the Constitution of the United States</u>: Punitive damages are penal in nature and, consequently, the defendant is entitled to the same procedural safeguards accorded to criminal Defendants.

    c.   <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the defendant that are penal in nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

    d.   <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the defendant were to inure to the benefit of any state or governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

20.   Plaintiff's Complaint seeks to make this defendant liable for punitive damages.

The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore,* 116 S.Ct. 1589 (1996) on the issues of punitive damages. Defendant adopts by reference whatever defenses, criteria, limitations and standards as mandated by the United States Supreme Court decision in that case.

21. This Defendant affirmatively pleads that any punitive damages that plaintiffs may recover in this case should be capped in keeping with *Ala. Code* § 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in *Oliver v. Towns,* 738 So.2d 798 (Ala. 1999).

22. Plaintiff's demand for punitive damages is due to be struck because, on May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), holding that the amount of punitive damages, is not really a fact tried by the jury, and the right to jury trial is therefore not implicated. The court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are essentially a factual determination, punitive damages are an expression of more condemnation that essentially constitutes a conclusion of law. The court cited the Eight Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments.

Such punishments should be determined by courts as a matter of law, rather than by a jury as a matter of fact.

23. This Defendant avers that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would punish Defendant for the conduct of others in violation of Defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

24. This Defendant avers that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would subject Defendant to excessive fines in violation of the Eighth Amendment of the United States Constitution and Defendants due process rights.

25. This Defendant avers that given Alabama's policy against apportionment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would punish Defendant for the conduct of others in violation of Defendants due process rights and Article I, § § 1 and 13 of the Alabama Constitution.

26. This Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against her in the complaint.

    /s/ David Henderson
DAVID W. HENDERSON (ASB-4048-D57H)
RANDALL MORGAN (ASB-8650-R70R)
Attorneys for Defendant Willie Eva Baldwin

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
(334) 834-7600

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the Ala-File system and served a copy via United States Mail, postage prepaid, properly addressed this the 21st day of February, 2008 to the following:

Zachary T. Collins, Esq.
207 Montgomery Street
Suite 213
Montgomery, AL 36104

James A. Rives, Esq.
William Christopher Waller, Jr., Esq.
Ball Ball Matthews & Novak PA
P.O. Box 2148
Montgomery, AL 36102-2148

American Insurance Company
436 Walnut Street
Philadelphia, PA 19106-3703

                                               /s/ *David Henderson*
                                               OF COUNSEL