## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROBERT JOHNSON, as personal | ) | |
| representative for the ESTATE OF | ) | |
| IRENA JOHNSON, | ) | **CASE NO.: 2:07cv1068-MHT** |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| v. | ) | |
| | ) | |
| WILLIE EVA BALDWIN | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

**COMES NOW**, the Plaintiff, by and through his counsel of record pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Section 4 of this Honorable Courts Uniform Scheduling Order for leave to amend his Second Amended Complaint and states the following reasons therefore:

1.      That in his Second Amended Complaint, Plaintiff alleged negligence, gross negligence, and wantonness against former Defendant, Denita Colvin, who has settled her claim with the Plaintiff and breach of contract against former Defendant ACE American Insurance Company, who was voluntarily dismissed from this case.

2.      That in the Factual Allegations and counts One and Two of his Second Amended Complaint Plaintiff has asserted that the status of the deceased, Irena Johnson, was that of either a guest or passenger.

3.      That in her answer, Defendant Baldwin has asserted the Alabama Guest Statute as a defense to the Plaintiff's claims.  Therefore, at trial, a jury must decide the status of the deceased as one of a guest or passenger.

4.      That the Plaintiff has learned through the deposition of the Defendant, Willie Eva Baldwin, that the deceased, Irena Johnson, was, in fact, a passenger and not a

guest in the automobile with Defendant Baldwin during the collision that forms the basis of this suit.

5.      That based on the information discovered regarding the status of the deceased, Plaintiff has claims of negligence and gross negligence, in addition to his wantonness claim against Defendant Baldwin.

6.      That amendment of Plaintiff's complaint to add claims for negligence and gross negligence against Defendant Baldwin would not unduly prejudice her in preparing a defense or filing dispositive motions because no further discovery will be necessary under these new claims.

7.      That through discovery, the facts of the collision that forms the basis of this suit have been clarified and an amendment is warranted to aid in the presentation of the Plaintiff's claims.

8.      Furthermore, amendment of the Plaintiff's complaint will benefit all parties as it will clarify the facts, parties remaining, and claims presented and aid in presenting the merits of Plaintiff's claims.

9.      That Plaintiff understands that time to amend his pleadings has passed, but with the recent developments in this case, an amendment is warranted and necessary to prosecute all claims against the remaining defendant.

10.     That Defendant Baldwin has been allowed to amend her pleadings passed the amendment deadline.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that this Honorable Court grant him leave to amend his Complaint to clarify the claims and parties in the Complaint. Said Third Amended Complaint is attached to this motion as Exhibit "A".

Respectfully Submitted, this the 25th day of July, 2008.

*/s/ Zachary T. Collins*
_____

Zachary T. Collins
Attorney for Plaintiff

**OF COUNSEL:**
ZACHARY T. COLLINS, ATTORNEY AT LAW, LLC.
207 Montgomery Street, Suite 215
Montgomery, AL 36104
(334) 263-5575
(334) 263-5569

## CERTIFICATE OF SERVICE

I, Zachary T. Collins, certify that on the 25th day of July, 2008, the foregoing document was served on counsel/adverse party listed below, properly addressed and pre-paid, in the following manner:

( ) Facsimile;
( ) Facsimile, original to follow by United States mail, first class, properly addressed;
( ) United States mail, first class, properly addressed;
( ) United States mail, Express Mail delivery;
( ) Federal Express, overnight delivery;
( ) United Parcel Service, overnight delivery;
( ) Hand delivery;
(x) CM/ECF

OF COUNSEL:

**DAVID H. HENDERSON (ASB-4048-D57H)**
**RANDALL MORGAN (ASB-8650-R70R)**
Attorneys for Defendant Willie Eva Baldwin
**HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.**
P.O. Box 116
Montgomery, AL 36101-0116

**J. LENN RYALS, ESQ.**
Attorneys for Defendant Willie Eva Baldwin
**RYALS, PLUMMER, DONALDSON**
      **AGRICOLA & SMITH, P.C.**
60 Commerce Street, Ste. 1400
Montgomery, Alabama 36102


*/s/ Zachary T. Collins*
_____
**OF COUNSEL**

3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ROBERT JOHNSON, as personal | ) | |
| representative for the ESTATE OF | ) | |
| IRENA JOHNSON, | ) | CASE NO.: 2:07cv1068-MHT |
| | ) | |
| Plaintiff, | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| v. | ) | |
| | ) | |
| WILLIE EVA BALDWIN | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, Robert Johnson, as personal representative of the Estate of Irena Johnson, deceased, and for his complaint against Defendant Willie Eva Baldwin and states the following:

## STATEMENT OF PARTIES

1.    Plaintiff, Robert Johnson, is an individual over the age of nineteen (19) years and is the legal representative to the Estate of Irena Johnson.  At the time of her death, Irena Johnson, deceased, was a resident citizen of Philadelphia County, in the Commonwealth of Pennsylvania. The estate of the decedent was established in Philadelphia County, Pennsylvania.  Pursuant 28 U.S.C. § 1332 (c)(2), the Plaintiff is deemed a citizen of Philadelphia County in the Commonwealth of Pennsylvania.

2.    Defendant, Willie Eva Baldwin, (hereafter "BALDWIN") is an individual over the age of nineteen (19) years and resident citizen of Henry County, Georgia.

## JURISDICTION AND VENUE

3.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and § 1337 as the Plaintiff's claims involve an amount in excess of $75,000; are between citizens of

**Exhibit
"A"**

different States; and are so related to the claims in the action within the original

jurisdiction of this Court that they form part of the same case or controversy, those

supplemental claims not being inconsistent with the jurisdictional requirements of §

1332.

4.      Venue is proper in the United States District Court for the Middle District of

Alabama pursuant to 18 U.S.C. § 1391 in that the conduct, acts, or omissions giving rise

to this litigation occurred in Montgomery County, Alabama.

## FACTUAL ALLEGATIONS

5.      On July 26, 2007, Defendant Baldwin rented a 2007 Hyundai Sonata from

Hertz Rental Car Company (a/k/a Hertz Global Holdings, Inc.) at the Hartsfield-Jackson

International Airport in Atlanta, Georgia.

6.      At all material times thereto, Plaintiff's mother, Irena Johnson, deceased, was

a passenger in the vehicle driven by Defendant Baldwin.

7.      On July 27, 2007, while driving to Cuthbert, Georgia, Defendant Baldwin got

lost and began traveling on Interstate 85 south and subsequently ended up in

Montgomery, Alabama near the Interstate 65 interchange.

8.      Witnesses state that Defendant Baldwin was traveling west on I-85 South in

the Day Street exit lane near the Interstate 65 interchange when she suddenly started

backing up into oncoming traffic on I-85.

9.      Denita Colvin, also traveling west on I-85, collided into the rear of Defendant

Baldwin's vehicle in which Irena Johnson, deceased, was a passenger.

2

10.     Witnesses state that Denita Colvin acted in a reasonable manner and took evasive actions to avoid the collision but could not avoid striking the Defendant Baldwin's vehicle.

11.     Corporal G.E. Caffey, lead accident investigator for the Montgomery Police Department, concluded that Defendant Baldwin was the sole contributing cause of the accident.

12.     As a proximate result of the negligent, gross negligent, and wanton conduct of Defendant Baldwin, Plaintiff's mother, Irena Johnson, was killed.

13.     Plaintiff brings this wrongful death action pursuant to § 6-5-410 of the Code of Alabama.

## COUNT ONE
### [Wrongful Death – Negligence]

14.     Plaintiff hereby incorporates by reference, as is fully set forth herein, each and every allegation contained in paragraphs 1 through 13, inclusive, of this Complaint.

15.     Defendant Baldwin violated the Rules of the Road, Alabama Code § 32A-5-72 (1975) and/or § 32A-5A-51 (1975) to wit:  by backing the Hertz rental car that she was driving upon a roadway on I-85 south when it appeared that such movement could not be made with safety and without interfering with other traffic.

16.     Violation of the Alabama Rules of the Road is a *per se* violation and prima facie evidence of negligence.

17.     At all times material thereto, Defendant Baldwin had a duty to drive the rented Hertz vehicle in a reasonably safe manner upon the highways and roadways of Alabama.

18.     Defendant Baldwin breached that duty when she backed up into oncoming traffic on I-85 south when it was not safe to do so and when surrounded by other traffic.

19.     As a proximate cause of Defendant Baldwin's conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, as the only measure of recovery authorized under the Alabama Wrongful Death Statute, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant Baldwin in an amount of punitive and exemplary damages as awarded by a struck jury.

<u>**COUNT TWO**</u>
**[Wrongful Death – Gross Negligence]**

20.     Plaintiff hereby incorporates by reference, as is fully set forth herein, each and every allegation contained in paragraphs 1 through 19, inclusive, of this Complaint.

21.     Defendant Baldwin violated the Rules of the Road, Alabama Code § 32A-5-72 (1975) and/or § 32A-5A-51 (1975) to wit:  by knowingly disregarding the rights and safety of other drivers upon the roadway and backing the Hertz rental car  upon the roadway of I-85 south when it appeared that such movement could not be made with safety and without interfering with other traffic.

22.     At all times material thereto, Defendant Baldwin had a duty to drive the rented Hertz vehicle in a reasonably safe manner upon the highways and roadways of Alabama.

23.     Defendant Baldwin breached that duty when she knowingly backed up into oncoming traffic on I-85 south when it was not safe to do so and when surrounded by other traffic, and notwithstanding the rights and safety of others.

24.     As a proximate cause of Defendant Baldwin's conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, as the only measure of recovery authorized under the Alabama Wrongful Death Statute, Plaintiff respectfully requests this Court enter judgment in his

favor and against Defendant Baldwin in an amount of punitive and exemplary damages as awarded by a struck jury.

### COUNT THREE
### [Wrongful Death – Wantonness]

25.     Plaintiff hereby incorporates by reference as if fully set forth herein each and every allegation in paragraph 1-24, inclusive, of this Complaint.

26.     Defendant Baldwin acted intentionally, with wantonness, and with extreme recklessness and conscious disregard for the rights and safety of others by backing into oncoming traffic upon I-85 South with reckless indifference to the knowledge that such act would likely or probably result in injury and/or death to others.

27.     At all relevant times thereto, Defendant Baldwin knew, or should have known that backing up on an interstate highway or heavily traveled roadway could not have been made with safety and without interfering with other traffic.

28.     Notwithstanding that knowledge, Defendant Baldwin consciously disregarded the rights and safety of others.

29.     As a proximate cause of Defendant Baldwin's conduct, Plaintiff's mother, Irena Johnson, was killed.

**WHEREFORE**, as the only measure of recovery authorized under the Alabama Wrongful Death Statute, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant Baldwin in an amount of punitive and exemplary damages as awarded by a struck jury.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Respectfully Submitted, this the _____ day of _____, 2008.

5

_____

Zachary T. Collins
Tonya D. Powell
**Attorneys for Plaintiff**

**OF COUNSEL:**
ZACHARY T. COLLINS, ATTORNEY AT LAW, LLC.
207 Montgomery Street, Suite 215
Montgomery, AL 36104
(334) 263-5575
(334) 263-5569

## <u>CERTIFICATE OF SERVICE</u>

I, Zachary T. Collins, certify that on the _____ day of _____, 2008, the foregoing document was served on counsel/adverse party listed below, properly addressed and pre-paid, in the following manner:

(  ) Facsimile;
(  ) Facsimile, original to follow by United States mail, first class, properly addressed;
(  ) United States mail, first class, properly addressed;
(  ) United States mail, Express Mail delivery;
(  ) Federal Express, overnight delivery;
(  ) United Parcel Service, overnight delivery;
(  ) Hand delivery;
(X) CM/ECF

<u>OF COUNSEL</u>:

**DAVID H. HENDERSON (ASB-4048-D57H)**
**RANDALL MORGAN (ASB-8650-R70R)**
Attorneys for Defendant Willie Eva Baldwin
Hill, Hill, Carter, Franco, Cole & Black, P.C.
P.O. Box 116
Montgomery, AL 36101-0116

**J. LENN RYALS, ESQ.**
Attorneys for Defendant Willie Eva Baldwin
**RYALS, PLUMMER, DONALDSON**
        **AGRICOLA & SMITH, P.C.**
60 Commerce Street, Ste. 1400

_____
**OF COUNSEL**

7