IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT JOHNSON, as personal representative for the Estate of IRENA JOHNSON, </br></br>Plaintiff, </br></br>v. </br></br>DENITA COLVIN; WILLIE EVA BALDWIN, et al., </br></br>Defendants. | ) ) ) ) ) ) ) ) CASE NO.: 2:07-CV-1068-MHT ) ) ) ) ) |

**DEFENDANT WILLIE EVA BALDWIN'S OBJECTION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW, Defendant Willie Eva Baldwin ("Baldwin") in the above-styled cause, and in response to the Plaintiff's Motion for Leave to Amend Complaint states as follows:

1. Per this Court's Order (Doc. "22"), motions to amend the pleadings shall be filed by Plaintiff on or before March 24, 2008.

2. The Plaintiff filed his Motion for Leave to Amend Complaint on July 25, 2008, over four months past this Court's deadline to amend.

3. In Plaintiff's Motion for Leave to Amend Complaint, he states that the Plaintiff has learned through the deposition of the Defendant, Willie Eva Baldwin, that the deceased, Irena Johnson, was in fact a passenger and not a guest in the automobile with Defendant Baldwin during the collision that forms the basis of this suit.

4. However, Defendant Willie Eva Baldwin's deposition was taken February 27 and 28, 2008. Baldwin's deposition was taken well before this Court's deadline to amend the pleadings and the Plaintiff had sufficient time to request leave from this Court to amend

his complaint. The Plaintiff had almost one month to request leave to amend his complaint within the Court's deadline, but did not do so.

5. In Plaintiff's motion, he also refers to recent developments in this case to warrant his amendment. However, Ms. Baldwin's deposition was not a recent development in this case and has been the only deposition taken which brought forth to light any evidence as to Johnson's status as a guest or passenger for hire.

6. Additionally, Plaintiff states that Baldwin has been allowed to amend her pleadings past the amendment deadline. However, Baldwin amended her Answer to plead credit and/or set-off due to the fact that Plaintiff, after the deadline to amend, entered a Pro Tanto Settlement Agreement with Defendant Denita Colvin. Obviously, Baldwin could not file a Motion to Amend her Answer by the deadline of March 24, 2008 when Plaintiff settled with Colvin on June 3, 2008.

WHEREFORE, THESE PREMISES CONSIDERED, Defendant Willie Eva Baldwin requests this Honorable Court to deny Plaintiff's Motion for Leave to Amend his Complaint.

Respectfully submitted this the 31st day of July, 2008.

/s/ *David Henderson*
DAVID W. HENDERSON (ASB-4048-D57H)
Attorneys for Defendant Willie Eva Baldwin

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, AL 36101-0116
(334) 834-7600

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the Ala-File system and served a copy via United States Mail, postage prepaid, properly addressed this the 31st day of July, 2008 to the following:

Zachary T. Collins, Esq.
318 North Decatur Street
Montgomery, AL 36104

J. Lenn Ryals, Esq.
RYALS, PLUMMER, DONALDSON,
    AGRICOLA & SMITH, P.C.
60 Commerce Street, Ste. 1400
Montgomery, AL 36104

                                          /s/ *David Henderson*
                                          OF COUNSEL